# Tenth National Bank of Philadelphia *v.* Smith Construction Company (No. 2).

*Mechanic's lien—Receiver—Contract.*

Where a receiver, in the order appointing him, is given no authority to purchase material on the credit of an improvement which he is constructing, but is directed to make all necessary payments from his receipts, a person furnishing him with material cannot file a mechanic's lien against the improvement for the material furnished.

Where a subcontractor furnishes materials to a corporation for construction purposes, and after the corporation has gone into the hands of a receiver, continues to furnish materials to the receiver, notice to the owner given more than six months after the appointment of the receiver, but within the six months from the date of the last materials furnished to the receiver, will not sustain a mechanic's lien for materials furnished to the corporation before the appointment of the receiver.

Argued May 22, 1907. Appeal, No. 188, Jan. T., 1907, by Edgar A. Frey and Chester H. Thomas, trading as Frey & Thomas, from order of C. P. York Co., dismissing exceptions to auditor's report in case of the Tenth National Bank of Philadelphia v. Smith Construction Company. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Exceptions to report of David P. Klinedinst, Esq., auditor. The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to auditor's report.

*Charles A. Hawkins,* with him *Jere S. Black,* for appellants.

*McClean Stock,* with him *John F. Kell,* for appellee.

OPINION BY MR. JUSTICE BROWN, June 3, 1907 :

The auditor found that the claim of these appellants was upon a mere verbal agreement to furnish materials to the Smith Construction Company when needed in the ordinary course of business, and the open account between them and the company was terminable at any time at the pleasure of either party. There was, therefore, no contract in existence between the Smith Construction Company and the appellants when the receiver was appointed, January 27, 1905. After his appointment they furnished him materials, the last item having been supplied October 30, 1905. On December 29, 1905, they gave notice to the city of York of their claim. This was more than six months after the last item had been furnished to the Smith Construction Company, and, of course, was too late to give the appellants any protection under the act of 1901 for what they had furnished it. As to what they furnished the receiver the court below properly held the act of 1901 did not apply. The receiver, in the order appointing him, was given no authority to procure material for the sewer on the credit of the same, but was directed to make from his receipts all necessary payments. Those who dealt with him did so on a cash basis, or, if credit was extended, it was to him, and not on the improvement he was making.

Appeal dismissed at appellant's costs.